ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 1 2 2005 ★

BROOKLYN OFFICE

D+F
C/M

-------------------------------------------------------x

NDIDI C. AZIKIWE, MARIE PHILLIPS,
CHARLESMBAMARA, MODUPE
ALAGBALA On behalf of themselves, and
other persons similarly situated, (Class
Representatives)

**MEMORANDUM & ORDER**
Case No. 03 CV 6837 (FB) (CLP)

Plaintiffs,

-against-

NIGERIAN AIRWAYS LIMITED, THE
FEDERAL REPUBLIC OF NIGERIA, THE
BUREAU OF PUBLIC ENTERPRISES, THE
MANAGING DIRECTOR, NIGERIAN
AIRWAYS – MR. A.A. OKUNUGA, THE
MINISTER OF AVIATION, NIGERIAN
EAGLE AIRLINES LIMITED,

Defendants.

-------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
KUNLE FAGBENLE, ESQ.
THEO I. OGUNE, ESQ.
Fagbenle & Strouse, LLC
5401 Twin Knolls Road
Suite 7
Columbia, MD 21045

*For Defendants:*
EPHRAIM C. UGWUONYE, ESQ.
ECU Associates PC
Chevy Chase Pavillion
5535 Wisconsin Avenue, NW
Suite 720
Washington, DC 20015

**BLOCK, District Judge:**

On August 24, 2005, Magistrate Judge Pollack issued a Report and

Recommendation ("R & R") recommending that plaintiffs be permitted to proceed with

respect to claims against defendant Nigerian Airways Limited ("NAL"), but not with

respect to claims against the remaining defendants because service was not properly effected on them. The R & R recited that "any objections to this [R&R] must be filed . . . within ten (10) days of receipt of the [R&R]" and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." R&R at 24 (citing, *inter alia*, 28 U.S.C. § 636(b)(1)). Neither parties have filed any objections to the R&R.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Here, the R&R, which was electronically mailed to the parties, *see* Docket Entry No. 50, both provided notice of the R&R and informed the parties of their rights to object and the consequences of failing to do so.

The Court adopts the R&R with one modification. Although the Court agrees that service was not properly effected on Mr. A.A. Okunuga ("Okunuga"), Nigerian Eagle Airlines Limited ("NEAL"), the Federal Republic of Nigeria ("FRN"), the Minister of Aviation and the Bureau of Public Enterprises ("BPE"), the Court declines to dismiss the claims against those defendants. As an initial matter, the defendants have not moved to dismiss the claims; rather, they moved only for a declaratory judgment that service was improperly effected. Moreover, Fed. R. Civ. P. 4(m), which provides that the Court "shall dismiss the action without prejudice as to that defendant" if service was not effected within

2

120 days of the date that the Complaint was filed, expressly exempts "service in a foreign country pursuant to [subdivisions (f) or (j)(1) of Fed. R. Civ. P. 4]."

Nonetheless, "[t]he mere fact that Congress exempted foreign service from the 120-day requirement, does not give litigants an unlimited time in which to complete service." *In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 553 (S.D.N.Y. 1994); *see also Yellowave Corp. v. Mana*, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000). Rather, the Court applies a "due diligence standard" in determining whether dismissal due to untimeliness is appropriate. *See id.; In re Southold Dev. Corp.*, 148 B.R. 726, 729 (E.D.N.Y. 1992). Applying a due diligence standard, dismissal is not warranted here because the plaintiffs have made a good-faith attempt to serve the defendants in accordance with Fed. R. Civ. P. 4 and there is no evidence that the defendants have suffered any prejudice from the delay. *See Ballard v. Tyco Int'l, Ltd.*, 2005 WL 1863492, at *5 (D.N.H. Aug. 4, 2005) (dismissal is not appropriate where "[t]here is no evidence that plaintiffs acted in bad faith, that [defendants] w[ere] prejudiced by the delay, or that [they] will suffer any hardship in responding to the allegations in the Complaint if service is ultimately effectuated."). Accordingly, plaintiffs are given sixty (60) days from the date of this Memorandum and Order to properly effect service. *See Brown v. Austrian Airlines*, 1997 WL 913334, at *4 (E.D.N.Y. Dec. 9, 1997) (affording plaintiff 30 days to cure improper service on foreign defendant); *see also Finamar Investors Inc. v. Republic of Tadjikstan*, 889 F.Supp. 114 (S.D.N.Y.1995) (allowing plaintiff to cure improper service within "a reasonable time").

## CONCLUSION

The Court declares that service was properly effected on defendant NAL but not on defendants Okunuga, NEAL, the FRN, the Minister of Aviation and the BPE. Plaintiffs should effect service within sixty (60) days from the date of this Memorandum and Oder on those defendants in accordance with Magistrate Judge Pollack's R&R.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
September 9, 2005