UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NDIDI C. AZIKIWE, MARIE PHILLIPS,
CHARLES MBAMARA, MODUPE
ALAGBALA (on behalf of themselves and
other persons similarly situated)
(Class Representatives)

                Plaintiffs,

    -against-

NIGERIA AIRWAYS LIMITED,
FEDERAL REPUBLIC OF NIGERIA,
BUREAU OF PUBLIC ENTERPRISES,
MINISTER OF AVIATION,

                Defendants.

-------------------------------------------------------x

**MEMORANDUM
AND ORDER**
Case No. CV-03-6387(FB)(CLP)

*Appearances:*
*For the Plaintiffs:*
THEO I. OGUNE, Esq.
207 East Redwood Street, Suite 602
Baltimore, MD 21202

*For the Defendants:*
EPHRAIM UGWUONYE, Esq.
5335 Wisconsin Avenue, N.W., Suite 720
Washington, D.C. 20015

**BLOCK, Senior District Judge:**

        On December 22, 2003, Plaintiffs Ndidi C. Azikiwe, Marie Phillips, Charles Mbamara, and Modupe Alagbala (collectively "plaintiffs") filed a class-action complaint against defendants Nigerian Airways Limited, the Federal Republic of Nigeria, the Bureau of Public Enterprises, and the Minister of Aviation (collectively "defendants"), alleging

1

that defendants mishandled their luggage during a Nigerian Airways flight from New York to Nigeria on November 30, 2002, and asserting various claims for negligence, fraud, and extortion. Presently before the Court are, *inter alia*, plaintiffs' motion for default judgment against Nigerian Airways, filed on December 19, 2005, and plaintiffs' motion for default judgment against the remaining defendants, filed on January 14, 2006. For the reasons set forth below, the Court denies the motion for default judgment as to all defendants as premature, without prejudice to refiling if plaintiffs can demonstrate their entitlement to the requisite notation of defendants' default pursuant to Fed. R. Civ. P. 55(a).

I.

The filing of the plaintiffs' original complaint in this action has been followed by a tortured procedural history too confusing to warrant detailed discussion, but which includes (1) defendants' challenge to service of the original complaint; (2) this Court's adoption on September 9, 2005 of a Report and Recommendation ("R&R") by Magistrate Judge Pollack finding service improper as to all defendants except Nigerian Airways; (3) plaintiffs' subsequent service of the original complaint on the remaining defendants; (4) plaintiffs' filing of an amended complaint against all defendants; (5) the filing by both parties of several motions in contravention of the Court's procedural rules; and (6) the Court's referral of the parties to mediation on June 5, 2006. The present motions for default judgment followed the filing of plaintiffs' amended complaint on October 13, 2005, which

does not appear to have been served upon defendants.[1] The motions were filed without supporting legal memoranda and prior to moving for an entry of default by the Clerk of Court. Three days after the second motion for default judgment was filed, defendants filed answers on behalf of the Federal Republic of Nigeria, the Bureau of Public Enterprises, and the Minister of Aviation, and a motion to dismiss on behalf of Nigerian Airways Limited.

When a party moves for judgment against an adverse party in default, the Court, in its discretion, may enter judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). However, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). A default may be entered by the clerk only with regard to a claim for affirmative relief against a party who has failed to plead or otherwise defend. These elements of a default must be shown by means of an affidavit or by other competent proof. . . . The clerk's function is not perfunctory. Before entering a default, the clerk must examine the affidavits filed and find they meet the requirements of Rule 55(a)." Wright & Miller, § 2682. *See also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no

---

[1] Defendants' response in opposition to plaintiffs' motion for default judgment reflects defendants' knowledge of the amended complaint, however.

3

hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b).").

Plaintiffs requested default judgment without first moving for a notation of default as required by Rule 55(a), and without submitting the necessary supporting proof of defendants' failure to plead or otherwise defend, in the form of an affidavit or other competent proof. As discussed above, it is unclear from the docket whether plaintiffs ever served a copy of their amended complaint upon defendants, and because plaintiffs have not secured a notation of defendant's default from the Clerk of Court, they are not entitled to entry of default judgment against defendants. *See Meehan*, 652 F.2d at 276 n.5 (noting that "[e]ntering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course because it avoids the need to prepare for and pursue a damage hearing in those instances where the Rule 55(c) motion is granted"); *see also Grant v. City of New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992) ("entry of default is an essential prerequisite for a default judgment"). Only after plaintiffs have taken the necessary steps to secure an entry of default against defendants, may they properly move for an entry of a default judgment.[2]

---

[2]Plaintiffs are also advised that if, after receiving an entry of default, they choose to file a motion for default judgment against defendants, that motion must contain support sufficient to meet the requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(e), which provides in relevant part:

> No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

II.

The motion for default judgment against all defendants is denied without prejudice to refiling once plaintiffs have secured the entry of defendants' default from the Clerk of Court.

**SO ORDERED.**

/s/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
June 21, 2006

---

"Congress promulgated § 1608(e) to provide foreign sovereigns with the same protections from default judgments that the federal government enjoys under Fed. R. Civ. P. 55(e). . . . Rule 55(e) reflects Congress' recognition 'that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response.' . . . Thus, when . . . a foreign sovereign defaults, the district court must determine whether the plaintiff's allegations are supported by evidence." *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (quoting *Marziliano v. Heckler*, 728 F.2d 151, 157-58 (2d Cir. 1984)). The Court questions whether, if the plaintiffs' motion for default judgment were properly before the Court, it would be sufficient in its present form to demonstrate plaintiffs' right to relief against the Nigerian government or its political subdivisions or agencies.