UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NDIDI C. AZIKIWE, MARIE PHILLIPS,
CHARLES MBAMARA, MODUPE
ALAGBALA (on behalf of themselves and
other persons similarly situated)
(Class Representatives)

**MEMORANDUM AND ORDER**
Case No. CV-03-6387(FB)(CLP)

Plaintiffs,

-against-

NIGERIA AIRWAYS LIMITED,
FEDERAL REPUBLIC OF NIGERIA,
BUREAU OF PUBLIC ENTERPRISES,
MINISTER OF AVIATION,

Defendants.

------------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
THEO I. OGUNE, Esq.
207 East Redwood Street, Suite 602
Baltimore, MD 21202

*For the Defendants:*
EPHRAIM UGWUONYE, Esq.
5335 Wisconsin Avenue, N.W., Suite 720
Washington, D.C. 20015

**BLOCK, Senior District Judge:**

       Plaintiffs Ndidi C. Azikiwe, Marie Phillips, Charles Mbamara, and Modupe Alagbala (collectively "plaintiffs") filed a class-action complaint against defendants Nigerian Airways Limited, the Federal Republic of Nigeria, the Bureau of Public Enterprises, and the Minister of Aviation (collectively "defendants"), alleging that

1

defendants mishandled their luggage during a Nigerian Airways flight from New York to Nigeria on November 30, 2002, and asserting various claims for negligence, fraud, and extortion. On January 14, 2006, following defendants' failure to answer plaintiffs' amended complaint, plaintiffs filed a motion for default judgment; defendants answered the complaint three days after the default judgment motion was filed.[1] Plaintiffs now move pursuant to Fed. R. Civ. P. 12(f) to strike defendants' answers as untimely; plaintiffs also move to strike unspecified motions made by defendants on the ground that defendants' failed to support their legal arguments with authorities, as required by Local Rule 7.1.[2]

"Resolution of a Rule 12(f) motion is left to the district court's discretion." *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (EDNY 2004). "Motions to strike are generally disfavored and will be denied unless it is clear that under no circumstances could the defense succeed." *Connell v. City of New York*, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002). Furthermore, the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Marfia v. T.C.*

---

[1] The Court denied plaintiffs' motion for default judgment without prejudice for failure to comply with the requirements of Fed. R. Civ. P. 55(a). *See* Order of June 26, 2006.

[2] Local Rule 7.1 provides:

Except as otherwise permitted by the courts, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.

*Ziraat Bankasi*, 100 F.3d 243, 249 (2d Cir. 1996) (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *see also Connell*, 230 F. Supp. 2d at 437 (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986) ("district courts regularly exercise their discretion to deny technically valid motions for default").

Because motions to strike are disfavored, and striking defendants' answers would foreclose resolution of this matter on the merits, the Court will exercise its discretion to deny the motion to strike defendants' answers. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7-8 (D.C. Cir. 2004) (denying motion to strike answer filed six months late as untimely under Rule 12(f), noting that granting the motion would "contravene the established policies disfavoring motions to strike . . . and favoring resolution of cases on their merits") (citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981); *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). *See also Llewellyn v. North American Trading*, 1996 WL 715532 at *2 (S.D.N.Y. Dec. 11, 1996) (denying motion to strike untimely answer because doing so "would violate the policy of resolving cases on the merits").

With respect to plaintiffs' motion to strike defendants' motions, Rule 12(f) applies only to pleadings and therefore does not provide a basis for striking defendants' motions; moreover, the Court is not convinced that plaintiffs have demonstrated that defendants' failure to support their arguments with legal authority was "willful," or that this failure would in any event warrant striking defendants' motions. Local Rule 7.1; *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) (holding that Rule 12(f)

3

does not permit court to strike material not contained in pleadings). Plaintiffs' motion to strike is accordingly denied in its entirety.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
July 27, 2006